FILED
SUPERIOR COURT
OF GUAM

2019 JUL -3 PM 4: 17

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0133-18 |
| vs. | |
| ATRIKO A. HEWININ<br>DOB: 03/25/1982 | DECISION AND ORDER |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Judge Arthur Barcinas on April 4, 2019, upon the Defendant's Motion to Dismiss the Indictment filed November 5, 2018. The Defendant Atriko A. Hewinin ("Defendant") was present and represented by Attorney William Pole. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

### BACKGROUND

The Defendant was arrested and charged with third degree criminal sexual conduct and terrorizing against his minor relative K.K. (DOB: 4/22/2001) on July 1, 2017, video voyeurism, fourth degree criminal sexual conduct, and invasion of privacy against his long term partner J.S. (DOB: 5/26/1982) on January 25, 2018, and first and second degree criminal sexual conduct, child abuse, aggravated assault, and resisting arrest against, or in the commission of crimes against, J.S.'s minor child S.S. (DOB: 06/02/2013) on March 2, 2018.

When the People brought these charges in front of a grand jury on October 4, 2018, the People failed to disclose that they were prosecuting the Defendant over the objection of J.S. Def.'s Mot. to Dismiss. The People also failed to present evidence that J.S. is not sure who made the videos relating to the video voyeurism charge in the present case, and even suggested that a person other than the Defendant may be at fault. Def.'s Mot. to Dismiss. As such, the Defendant claims that the People withheld exculpatory evidence from the grand jury and improperly vouched for the credibility of its witness, J.S. The Defendant also argues that the presentation of all of the charges to the grand jury at the same time may have led to bias and an improper indictment.

## DISCUSSION

"A felony prosecution requires an indictment upon a probable cause determination by a grand jury." People v. Villapando et al., 1999 Guam ¶ 31. Under 8 GCA § 50.46, the prosecuting attorney, "shall submit any evidence in his possession which would tend to negate guilt" to the grand jury. Section 50.46 is derived from the California Penal Code, and therefore California law is persuasive.

Although the California Penal Code obligates the prosecution to "inform the grand jury of [the] nature and existence" of any known exculpatory evidence, an indictment will be dismissed only if the prosecution's failure to disclose exculpatory evidence "results in substantial prejudice." People v. Becerra, 165 Cal. App. 4th 1064, 1070 (2008).

When a defendant challenges a grand jury indictment *before trial,* the court must determine whether a reasonable probability exists that "a properly informed jury would have declined to find probable cause to indict had it known of the omitted evidence." Berardi v. Superior Court, 149 Cal. App. 4th 476, 495 (2007). The court must "evaluate the record as a whole, taking into consideration all relevant factors," including "the strength and nature of both the undisclosed exculpatory evidence and the probable cause evidence that was presented." Id. at 495; see also Becerra, 165 Cal. App. 4th at 1070.

In this instance, the Court finds that there is not a reasonable probability that the grand jury would have declined to indict the Defendant had they been made aware of J.S.'s

uncertainty as to whether it was the Defendant who committed the crimes and her desire not to pursue charges. The Defendant claims that the failure to provide the exculpatory evidence constitutes improper vouching by the People such that the grand jury was not able to properly determine probable cause. However, the grand jury was presented with testimony that the crimes against J.S. occurred while she was asleep, and therefore the grand jury was aware that she could not definitively identify her attacker. Moreover, J.S.'s desire not to pursue charges, while potentially relevant to a jury weighing evidence, does not substantially alter a grand jury's calculation of probable cause, as reasons beyond a defendant's innocence or guilt may color a victim's decision not to prosecute. Therefore, the Court finds that, in weighing the strength and nature of the undisclosed exculpatory evidence and the probable cause evidence that was presented, there is not a reasonable probability that the grand jury would have declined to find probable cause had it known the omitted evidence.

The Defendant further contends that the submission of all three sets of charges, each of which relates to a different set of accusations on a different date, had a cumulative effect on the grand jury that prejudiced the Defendant. Although the Court did subsequently order the three sets of charges to be separated so as to not prejudice the Defendant at trial, the Court does not find that the initial submission of all three sets of charges to the grand jury was improper. The role of the grand jury is not to determine guilt, but rather to decide whether there is enough evidence of a crime to produce an indictment. Therefore, the submission of the three sets of charges would only be prejudicial to the extent that the grand jury relied upon the totality of the charges in lieu of specific evidence in finding probable cause for a specific charge. In reviewing the evidence presented to the grand jury, the Court finds that enough competent evidence was provided by the People to support a reasonable showing of probable cause for each indictment. Therefore, the Defendant's Motion to Dismiss the Indictment is **DENIED**.

## CONCLUSION

For the reasons set forth above, that there was no reasonable probability that the grand jury would have declined to indict the Defendant had they had access to the exculpatory

evidence, and that the submission of all three sets of charges did not prejudice the Defendant, the Court hereby **DENIES** the Defendant's Motion.

IT IS SO ORDERED ___JUL 0 3 2019___ .


HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

Date: ___ Time: ___

Deputy Clerk, Superior Court of Guam